UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RASHEED AHMAD,

                Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; PARADISE TOWING AND RECOVERY LLC; BARBARA K. ORDONAZ; GREGORY FLORES; DYLON S. SIGNORE; PRINCE PHILIP; EFRAIN MORALES; JOHN DOE AND JANE DOE 1-5,

                Defendants.

25 Civ. 4166 (PAE) (VF)

ORDER OF SERVICE

---

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Rasheed Ahmad, proceeding *pro se*, brings this suit for alleged injuries arising out of a traffic stop on February 22, 2024, by officers from the New York City Police Department ("NYPD"). On May 23, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").[1] Dkt. 8.

I.   **Standard of Review**

The Court must dismiss a complaint filed IFP, or any portion of the complaint, that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Dismissal is also appropriate where the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

The Court construes *pro se* pleadings liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interprets them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up). But the "special solicitude" extended to *pro se* cases, *id.* at 475, is not unlimited. To properly state a claim, *pro se* pleadings still must comply with Federal Rule of Civil Procedure 8, which requires a complaint to make "a short and plain statement" showing that the plaintiff is entitled to relief.

## II. Discussion

### A. Claims against NYPD

An entity's capacity to be sued in federal court is determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). Under New York law, agencies of the City of New York cannot be sued in the name of the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see also Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter.").

Under the New York City Charter, the NYPD can neither sue nor be sued. *See* N.Y. City Charter ch. 18, §§ 431-438 (describing powers and duties of NYPD); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City."). Plaintiff's claims against the NYPD must therefore be dismissed because it cannot be sued under state law.

### B. Claims against John and Jane Doe 1–5

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to some assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). Plaintiff names John Doe and

Jane Doe 1–5 in the caption of the Complaint but has not supplied information sufficient to permit NYPD to identify those defendants. The Court therefore dismisses Plaintiff's claims against the John or Jane Doe defendants, without prejudice to Plaintiff's right to reassert those claims with greater specificity in any amended complaint consistent with Rule 15 of the Federal Rules of Civil Procedure.

### C.  Waiver of Service for the City of New York and NYPD Officers

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this Order. The Court requests that Defendants Barbara K. Ordonaz, Gregory Flores, Dylon S. Signore, Prince Philip, and Efrain Morales waive service of summons.

### D.  Service on Paradise Towing and Recovery LLC

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow plaintiff to effect service on defendant Paradise Towing and Recovery LLC through the U.S. Marshals Service, the Clerk of Court is respectfully instructed to fill out and supply a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the

---

[2] Although Federal Rules of Civil Procedure 4(m) generally requires that a summons be served within 90 days of the date the Complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

3

Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

If the Complaint is not served within 90 days after the date the summons is issued, plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (burden falls on plaintiff to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the NYPD and John and Jane Does 1–5. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is respectfully directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that defendants City of New York, Barbara K. Ordonaz, Gregory Flores, Dylon S. Signore, Prince Philip, and Efrain Morales waive service of summons.

The Clerk of Court is further directed to (1) mail an information package to plaintiff, (2) issue a summons for defendant Paradise Towing and Recovery LLC, (3) complete the USM-285 form with the address for Defendant, and (4) deliver to the U.S. Marshals Service all documents necessary to effect such service.

Dated:   June 4, 2025
         New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

4

## SERVICE ADDRESS FOR EACH DEFENDANT

1. Paradise Towing and Recovery LLC
   1611 East 233rd Street
   Bronx, NY 10466