UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RASHEED AHMAD,

                                                  Plaintiff,

                -against-

THE CITY OF NEW YORK, et al.,

                                                Defendants.

------------------------------------------------------------------X

25-CV-4166 (PAE) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      Plaintiff does not consent to Defendants' request for a briefing schedule for their motion to dismiss (ECF No. 31), arguing that this action has already survived a review equivalent to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) because the Court granted Plaintiff *in forma pauperis* ("IFP") status (see ECF Nos. 8, 35). But this argument fails because the granting of IFP status does not preclude Defendants from bringing a motion to dismiss.

      Procedurally, the determination of whether to grant IFP status lies with the Court, and the decision of whether to bring a motion to dismiss lies with the defendant. See, e.g., McFadden v. Noeth, 827 F. App'x 20, 30 (2d Cir. 2020) (summary order) (reversing district court's *sua sponte* dismissal of plaintiff's claims at the IFP-screening stage but noting that "we have not asserted nor intimated any view on whether the various claims asserted by [plaintiff] could survive a motion to dismiss"). Indeed, the IFP screening statute, 28 U.S.C. § 1915(e)(2)(B), provides that a district court shall screen a complaint brought by a plaintiff seeking IFP status to determine if "(A) the allegation of [plaintiff's] poverty is untrue; or (B) [if] the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." And the Second Circuit

has explained that "[i]f the complaint falls into any of these categories under either [Section 1915 or the screening statute for prisoners], the district court may dismiss all or part of the complaint *sua sponte* . . . before defendants in the action have been served." McFadden, 827 F. App'x at 26. However, "[i]t is the well-established law of this circuit that *sua sponte* dismissal of a *pro se* complaint prior to service of process on defendant is strongly disfavored since such untimely dismissal deprives [the court] of the benefit of defendant's answering papers," and "where a *colorable claim* is made out, dismissal is improper prior to service of process and the defendants' answer." Id. (cleaned up, emphasis in original); see also Elliott v. Bronson, 872 F.2d 20, 21 (2d Cir. 1989) (per curiam) (explaining that "courts must construe *pro se* complaints liberally, applying less stringent standards than when a plaintiff is represented by counsel" and cautioning against "over-use of . . . *sua sponte* dismissals of *pro se* complaints before service of process").

In short, the granting of IFP status does not prohibit a defendant from moving to dismiss because the IFP statute presents an extremely high bar for *sua sponte* dismissal for failure to state a claim, given the Court's obligations of solicitude towards *pro se* plaintiffs and the fact that the Court does not have the benefit of the defendant's papers at the time of screening. Under Federal Rule of Civil Procedure 12(b), Defendants are still entitled to file their motion to dismiss the complaint. Plaintiff will have an opportunity to respond to the motion and oppose dismissal.

The Clerk of Court is respectfully directed to mail this Order to Plaintiff at the address listed on the docket.

**SO ORDERED.**

DATED:   New York, New York
         November 5, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge