**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

RASHEED AHMAD,                                                    25-CV-4166 (PAE) (VF)

                                        Plaintiff,

-against-                                                         **REPORT &**
                                                                 **RECOMMENDATION**

THE CITY OF NEW YORK, et al.,

                                        Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

**To: THE HONORABLE PAUL A. ENGELMAYER, United States District Judge.**

Plaintiff Rasheed Ahmad ("Plaintiff"), proceeding *pro se*, commenced this action on May 14, 2025, against the City of New York, the New York City Police Department ("NYPD"), five NYPD officers (Barbara K. Ordonaz, Gregory Flores, Dylon S. Signor, Prince Philip, and Efrain Morales), Paradise Towing and Recovery LLC, and John and Jane Does 1 through 5. ECF No. 1. Plaintiff asserts claims for alleged injuries arising out of a traffic stop by officers from the NYPD on or about February 22, 2024. Id. The same day that he commenced this action, Plaintiff filed the instant motion, seeking a "preliminary and permanent injunction." ECF No. 3 at 1.[1] For the reasons set forth herein, I respectfully recommend that the motion for a preliminary injunction be **DENIED**.

---

[1] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the electronically generated pagination in those documents.

**BACKGROUND**

I.    **Factual Background**[2]

In the Bronx, on or about February 22, 2024, Plaintiff was "traveling in a private trust-owned vehicle" when he stopped to enter an address into his GPS. ECF No. 1 at ¶ 13. At the time, Plaintiff was "wearing a seatbelt, was not swerving, and was not driving erratically[.]" Id. at ¶ 15. Plaintiff's car has a "private plate," which is a non-government-issued license plate. Id. at ¶¶ 15, 20.

NYPD Officers Ordonaz and Morales approached Plaintiff. Id. at ¶ 14. After Plaintiff asked for a supervisor, Officers Signor, Philip, and Flores arrived. Id. The NYPD Officers "struck the windows [of Plaintiff's vehicle]," "attempted to break the glass," "forcibly removed [Plaintiff] from the car," and "roughed [him] up." Id. at ¶ 16. The Officers also handcuffed Plaintiff, "overtighten[ing]" the handcuffs. Id. The Officers "scared" Plaintiff's spouse and two children, who were left "stranded by the side of the road" after he was taken into custody. Id. Plaintiff was "denied access to medical care while in custody," and he was detained for approximately 33 hours. Id. at ¶¶ 3, 16, 17. Plaintiff's vehicle was towed to the towing yard of Paradise Towing and Recovery LLC. Id. at ¶ 16.

Plaintiff was charged with obstructing governmental administration, unlicensed operation, and "other baseless infractions." Id. at ¶¶ 12, 18. On April 2, 2024, and May 24, 2024, Plaintiff "was compelled to appear in court," but the Bronx District Attorney's Office "ultimately declined prosecution on both occasions, and all charges were dismissed" on speedy trial grounds. Id. at ¶¶ 12, 19. On May 24, 2024, the Bronx Criminal Court issued a Certificate of Disposition confirming that all charges brought against Plaintiff were dismissed. Id. at ¶ 12.

---

[2] The facts recounted herein are drawn from the complaint. See ECF No. 1.

II.    **Procedural Background**

On May 14, 2025, Plaintiff commenced the instant action, asserting claims under 42 U.S.C. § 1983 for violations of his constitutional rights under the First,[3] Fourth, Fifth, and Fourteenth Amendments. See id. at ¶ 1. He also asserts claims under 42 U.S.C. §§ 1985 and 1986, and 18 U.S.C. §§ 241 and 242, as well as state-law claims for trespass to chattels, conversion, intentional infliction of emotional distress, false imprisonment, battery, and unlawful seizure of property. Id. at Causes of Action. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, as well as reimbursement for towing, storage, and other fees paid to the towing company. Id. at Relief Requested.

Also on May 14, 2025, Plaintiff filed the instant motion, seeking a "preliminary and permanent injunction" enjoining (1) the NYPD "from stopping, detaining, searching, or seizing Plaintiff or his vehicle based solely on the presence of a private license plate or absence of DMV registration, without probable cause of a crime," (2) "enforcement of any NYPD policy or practice that targets private trust-held vehicles absent probable cause," and (3) "Paradise Towing and Recovery LLC from accepting, towing, or storing Plaintiff's vehicle absent a valid judicial order or warrant supported by probable cause." ECF No. 3 at 1-2. Plaintiff additionally seeks expungement of his records relating to the events on February 22, 2024, and "such other relief as this Court deems just and proper."[4] Id. Plaintiff filed a proposed order to show cause for a

---

[3] Plaintiff states that his "constitutional rights under the First … Amendment[ ]" were violated in the first sentence of his complaint, but makes no other references or allegations relating to his First Amendment rights in the complaint or motion for a preliminary injunction. See ECF No. 1 at ¶ 1.

[4] This Court does not have the authority to order the expungement of Plaintiff's criminal records. See Moreno v. New York City Police Dep't, No. 10-CV-6269 (DAB) (RLE), 2011 WL 2748652, at *4 n.8 (S.D.N.Y. May 7, 2011), adopted by, 2011 WL 2802934 (S.D.N.Y. July 14, 2011) ("[Plaintiff]'s demand that his criminal record be expunged is outside the authority of this

3

preliminary injunction and temporary restraining order. ECF No. 4. This action was referred to the undersigned for a report and recommendation on May 22, 2025. ECF No. 7.

On June 4, 2025, the Honorable Paul A. Engelmayer dismissed Plaintiff's claims against the NYPD and John and Jane Does 1 through 5. ECF No. 9 at 4. On August 8, 2025, Plaintiff filed an amended complaint, removing the NYPD and John and Jane Does 1 through 5 as Defendants but making no other substantive changes. See ECF No. 20. On December 19, 2025, Defendants filed a motion to dismiss the amended complaint, which is still pending before the Court. See ECF No. 42.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes a court to issue a preliminary injunction. A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). A movant seeking a preliminary injunction must show that: (1) there is a "likelihood of success on the merits" or that there are "sufficiently serious questions going to the merits to make them a fair ground for litigation"; (2) that the movant is "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [the movant's] favor"; and (4) that "an injunction is in the public interest." ZeptoLab UK Ltd. v. Commonwealth Toy & Novelty Co., No. 12-CV-2044 (TPG) (KNF), 2012 WL 4761501, at *5 (S.D.N.Y. Aug. 23, 2012) (internal quotation marks

---

Court."). The Second Circuit has held that "a district court has no subject matter and no ancillary jurisdiction to expunge a valid criminal record." United States v. Hernandez, No. 08-CR-422-16 (LAP), 2022 WL 3369596, at *1 (S.D.N.Y. Aug. 16, 2022) (citing Doe v. United States, 833 F.3d 192, 199 (2d Cir. 2016)); see also McPherson v. New York, No. 22-CV-10800 (LTS), 2023 WL 4818210, at *5 n.4 (S.D.N.Y. July 27, 2023) ("Plaintiff should note that a civil action is not the appropriate vehicle to seek expungement of a criminal conviction.").

4

and citations omitted). "A showing of irreparable harm is a prerequisite to the issuance of preliminary injunctive relief, and thus the moving party must demonstrate that irreparable harm is likely before the other requirements for the issuance of the injunction will be considered." Bio Hi-Tech Co. v. Comax, Inc., No. 07-CV-2260 (RRM) (CLP), 2009 WL 3497490, at *8 (E.D.N.Y. Oct. 28, 2009).

### DISCUSSION

Plaintiff has not demonstrated irreparable harm or a likelihood of success on the merits of his claims, as is necessary to obtain a preliminary injunction. To demonstrate irreparable harm, Plaintiff "must demonstrate that absent a preliminary injunction [he] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Convergen Energy WI, LLC v. L'Anse Warden Elec. Co., LLC, No. 20-CV-5240 (LJL), 2020 WL 5894079, at *4 (S.D.N.Y. Oct. 5, 2020) (quoting Faively Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009)). Moreover, a movant cannot "manufacture [his] own exigency," for "if the harm complained of is self-inflicted, it does not qualify as irreparable." Id. at *5 (internal quotation marks, alterations, and citation omitted). The Second Circuit has explained that "[t]he showing of irreparable harm is [p]erhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered." Fair Hous. Just. Ctr. v. Town of Eastchester, No. 16-CV-9038 (VB), 2019 WL 13388549, at *3 (S.D.N.Y. June 24, 2019) (quoting Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002)) (alterations in original).

As an initial matter, the conduct complained of here—a stop of Plaintiff's vehicle because he did not have a government-issued license plate—already occurred. And as Plaintiff

acknowledges, the criminal charges were dismissed (ECF No. 1 at ¶ 19) and Plaintiff is not presently detained. "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." Nano Dimension Ltd. v. Murchinson Ltd., 681 F. Supp. 3d 168, 190 n.6 (S.D.N.Y. 2023), aff'd by, 102 F.4th 136 (2d Cir. 2024) (citation omitted, italics in original). Thus, to the extent Plaintiff seeks to remedy harm resulting from past interactions with police officers, a preliminary injunction is not the correct vehicle for such relief. See Kane v. De Blasio, 19 F.4th 152, 172 n.20 (2d Cir. 2021) (noting that "[p]reliminary injunctions are appropriate only to prevent *prospective* harm until the trial court can decide the case on the merits") (italics in original).

Plaintiff further claims that he has been repeatedly stopped between 2022 through 2025, based on a pattern or policy "that targets travelers with private plates." ECF No. 3 at 1. Even assuming these allegations were sufficient to plausibly allege the possibility of a future stop and arrest, Plaintiff has not demonstrated that the stop and arrest would be unlawful and thus a violation of his constitutional rights. Plaintiff's complaint stems from a police stop that occurred because Plaintiff was operating a motor vehicle with "private plate[s]." ECF No. 1 at ¶ 15. But New York law provides that "[n]o person shall operate, drive or park a motor vehicle . . . unless such vehicle shall have a distinctive number assigned to it by the commissioner and a set of number plates issued by the commissioner[.]" See N.Y. Veh. & Traf. Law § 402(1)(a); see also id. at § 402(2) (explaining that a valid license plate "shall be of such material, form, design and dimensions and contain or set forth such distinguishing number or other identification marks as the commissioner shall prescribe"). Simply stated, New York law requires that a motor vehicle have a government-issued license plate. See Davis v. Horton, No. 23-CV-885 (JPC) (VF), 2025 WL 539658, at *5 (S.D.N.Y. Jan. 27, 2025), adopted by, 2025 WL 522486 (S.D.N.Y. Feb. 18,

2025) (citing N.Y. Veh. & Traf. Law §§ 401, 402(1)(a), (b)(i), (2)) (explaining that "[u]nder New York law, all cars, whether for personal or commercial use, must display a state-issued license plate").

Further, in New York, "[t]he operation of a motor vehicle without proper license plates is a traffic infraction." United States v. Craft, No. 23-CR-00178 (PMH), 2023 WL 6215326, at *4 (S.D.N.Y. Sept. 25, 2023) (concluding that stop of  vehicle "which had a piece of paper in the license plate holder that read 'SOVEREIGN CITIZEN USC ART. SEC. 242'" instead of a valid license plate was not a Fourth Amendment violation); see also United States v. Jenkins, 452 F.3d 207, 212 (2d. Cir. 2006) (reasoning that court did not err in determining "that the initial basis for the stop of the SUV was valid because the officers reasonably believed that the SUV lacked license plates"); Davis, 2025 WL 539658, at *4-5 (S.D.N.Y. Jan. 27, 2025) (finding that there was "probable cause to stop [p]laintiff based on his invalid license" where "inside the license plate holder—where a license plate should be—[wa]s a piece of paper that state[d], 'United States of America Republic, Private UCC 1-308'").

Here, Plaintiff admits that he was operating a motor vehicle without a proper license plate, which is a traffic infraction. And "[t]raffic stops are presumptively reasonable under the Fourth Amendment if the officer has probable cause to believe that a traffic infraction has occurred." United States v. Foreste, 780 F.3d 518, 523 (2d Cir. 2015) (citation omitted). Accordingly, Plaintiff also has not demonstrated that his constitutional rights have been violated, because NYPD officers can lawfully stop Plaintiff if he is operating a motor vehicle without a proper license plate. I thus respectfully recommend that Plaintiff's motion for a preliminary injunction be denied.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiff's motion for a preliminary injunction be **DENIED**.

 **SO ORDERED.**

DATED: New York, New York
    January 20, 2026

                _____
                VALERIE FIGUEREDO
                United States Magistrate Judge

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Paul A. Engelmayer. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**