UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RASHEED AHMAD,<br><br>                              Plaintiff,<br><br>             -v-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>                              Defendants. | 25 Civ. 4166 (PAE) (VF)<br><br>OPINION & ORDER |

PAUL A. ENGELMAYER, District Judge:

On May 14, 2025, plaintiff Rasheed Ahmad initiated this action against defendants the City of New York, Paradise Towing and Recovery LLC, Barbara K. Ordonaz, Gregory Flores, Dylon S. Signor, Prince Philip, and Efrain Morales. Dkt. 1 ("Compl."). Ahmad alleges that, on February 22, 2024, he was unlawfully detained, threatened, and assaulted by New York City Police Department ("NYPD") officers during a pretextual traffic stop based on his vehicle's non-government-issued license plate ("private license plate"). *Id.* ¶¶ 13–16. He brings federal claims under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242, and state law claims of trespass to chattels, intentional infliction of emotional distress, false imprisonment, battery, and unlawful seizure of property. *Id.* ¶¶ 22–46.

Also on May 14, 2025, Ahmad moved for a preliminary and permanent injunction, seeking, *inter alia*, to enjoin the NYPD from stopping, detaining, searching, or seizing him or his vehicle "based solely on the presence of a private license plate or absence of DMV registration, without probable cause of a crime," and to enjoin the NYPD's enforcement of any "policy or practice that targets private trust-held vehicles absent probable cause." Dkt. 3 ("Mot.") at 2.

Before the Court is the January 20, 2026 Report and Recommendation of the Honorable Valerie Figueredo, United States Magistrate Judge. Dkt. 48 ("Report"). It recommends denial of the preliminary injunction motion because Ahmad has not demonstrated irreparable harm or a likelihood of success on the merits of his claims. *Id.* at 5. Ahmad has not objected or otherwise responded to the Report.

For the following reasons, the Court adopts the Report in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Figueredo's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that, if a party fails to object within 14 days, "that party will not be permitted to raise any objections to this Report and Recommendation on appeal," Report at 8, the parties' failure to object operates as a waiver of appellate review, *see Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Figueredo's Report in its entirety. The Court denies Ahmad's motion for a preliminary injunction. The Court respectfully directs the Clerk of Court to mail a copy of this decision to Ahmad at the address on file and terminate the motion pending at docket 3.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: February 9, 2026
          New York, New York

3