UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHEED AHMAD,

Plaintiff,

-v-

THE CITY OF NEW YORK *et al.*,

Defendants.

25 Civ. 4166 (PAE) (VF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On May 14, 2025, *pro se* plaintiff Rasheed Ahmad initiated this civil rights action against defendants under various state and federal laws. He alleged that defendants violated his constitutional rights during a vehicle stop, which was precipitated by Ahmad's driving without a state-issued license plate, resulting in Ahmad being handcuffed and taken into custody. Dkt. 20 ("Amended Complaint"). He brought claims under 42 U.S.C §§ 1983, 1986, and 1988 for violation of his rights under the First, Fourth, Fifth, and Fourteenth Amendments; claims under 18 U.S.C. §§ 241 and 242; and state-law claims for trespass to chattels, conversion, intentional infliction of emotional distress, false imprisonment, and battery. *Id.* On December 19, 2025, the City of New York, the New York City Police Department ("NYPD") and various NYPD officer defendants (collectively, the "City Defendants") moved to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 67.

Before the Court is the July 14, 2026 Report and Recommendation of the Honorable Valerie Figueredo, United States Magistrate Judge. Dkt. 67 ("Report"). It recommends (1) that summary judgment be granted to the City Defendants on Ahmad's excessive force and battery

claims, and (2) dismissal of all other claims.[1] As to the dismissed claims, the Report recommends that some be dismissed with prejudice because there is no indication that a valid claim might be stated. *See, e.g.*, *id.* at 14. Specifically, it recommends that Ahmad's false arrest, malicious prosecution, equal protection, *Monell*, trespass to chattels, conversion, intentional infliction of emotional distress, and 18 U.S.C. §§ 241 and 242 claims be dismissed with prejudice. *Id.* at 16, 25, 32, 34, 38, 40–41, 43. The Report recommends that Ahmad be granted leave to amend his claims, against the City Defendants, for denial of adequate medical care and failure to intervene, and his Fourth Amendment claim against Paradise Towing and Recovery LLC ("Paradise Towing"), which has not appeared in this action. *Id.* at 28–29, 46. The Report further recommends that Ahmad be directed to serve any amended complaint on Paradise Towing.

Ahmad has not objected or otherwise responded to the Report. For the following reasons, the Court adopts the Report in full.

**DISCUSSION**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19,

---

[1] The Report recommends that, as to the excessive force and battery claims, the motion to dismiss be converted into a motion for summary judgment to enable the Court to consider the body worn camera footage submitted by the City Defendants in connection with their motion. Report at 17.

2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Figueredo's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that, if a party "fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal, Report at 47, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

**CONCLUSION**

For the foregoing reasons, the Court grants summary judgment to the City Defendants as to Ahmad's excessive force and battery claims, and grants the motion to dismiss Ahmad's remaining claims. The Court grants Ahmad leave to amend his claims for denial of adequate medical care and failure to intervene, against the City Defendants, and his Fourth Amendment claim against Paradise Towing. Ahmad is directed to serve any amended complaint on Paradise Towing.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 42, and mail a copy of this decision to Ahmad at the address on file.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 30, 2026
New York, New York